**Joe WASHBURN, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–12044.**

Criminal Court of Appeals of Oklahoma.

Nov. 10, 1954.

W. F. Cowper, Bristow, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Joe Washburn, defendant below, was charged by information in the superior court of Creek county, Oklahoma, wherein it was alleged that on or about the 31st day of May 1954 he committed the crime of assault with intent to kill, in that he did make an assault upon the body and person of Henry Washburn with a double bitted axe and did strike, wound and beat the said Henry Washburn in an attempt to kill him, all contrary to law, Title 21, § 652, O.S.1951. He was tried by a jury, convicted for the crime of assault to do bodily harm, Title 21, § 645, O.S.1951. The trial judge fixed his punishment at a term of one year in the State Penitentiary; from said judgment and sentence this appeal has been perfected.

The case was filed herein on January 20, 1954, and was set for oral argument on May 24, 1954 to be heard June 23, 1954; on which last date it was submitted on the record without briefs or oral argument. This court has held in a long line of decisions that where a defendant appeals from a judgment of conviction and no briefs are filed or argument presented the Criminal Court of Appeals will examine the evidence only for sufficiency thereof, and examine the pleadings, the instructions and judgment and if no material error is apparent the judgment will be affirmed. Whitlow v. State, 85 Okl.Cr. 2, 184 P.2d 253; Long v. State, 84 Okl.Cr. 445, 184 P.2d 119; Parks v. State, 83 Okl.Cr. 70, 173 P.2d 234; Woods v. State, 92 Okl.Cr. 53, 220 P.2d 463.

Briefly the evidence herein discloses that this was a drunken family brawl in which the defendant attacked his brothers and inflicted serious permanent bodily injuries upon his brother Henry Washburn with an axe as alleged in the information. The record discloses a vain attempt on the part of the members of the family to suppress the evidence, which this court will in no wise encourage. Nevertheless the record evidence is entirely sufficient to sustain the judgment and sentence. There being no material error in the pleadings, instructions and judgment and sentence, and the evidence being sufficient to support the verdict of the jury the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.